IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILBURN L. CHILDERS,**

       **Petitioner,**

   **v.**             CASE NO. 09-3159-SAC

**STATE OF KANSAS, et al.,**

       **Respondents.**

**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Before the court is respondents' motion to dismiss the petition as a second or successive petition, and petitioner's response. Having reviewed the record, the court grants respondents' motion.

Respondents point to petitioner's previously filed habeas corpus action in the District of Kansas, <u>Childers v. State of Kansas</u>, Case No. 07-3258-SAC, which was dismissed in February 2008 as time barred. Petitioner did not appeal that decision.

In response to respondents' motion, petitioner states he is filing a second petition because the court dismissed his previous petition as time barred without addressing the merits of his claim. Petitioner thereby contends his claim was never before the courts for consideration. This understanding of the statutory restriction on the filing of a second or successive habeas petition under 28 U.S.C. § 2254 is flawed.

The instant petition is a successive petition in which petitioner attacks the same conviction at issue in his prior habeas application. Under 28 U.S.C. § 2244(b)(3) and Rule 9 governing Section 2254 petitions, petitioner must obtain an order from the court of appeals authorizing the district court to consider the instant petition. *See* 28 U.S.C. § 2244(b)(3)(procedure for seeking authorization from court of appeals to file second or successive § 2254 petition in district court). The circuit court will authorize a successive petition only when the petitioner relies on a new rule of constitutional law or on newly discovered evidence. Id. § 2244(b)(2)(A)-(B), (b)(3)(C). Absent such authorization, the district court lacks jurisdiction to consider the petition, and the action should transferred to the appellate court. However, if transfer to the appellate court would not be in the interests of justice, *see* 28 U.S.C. § 1631, the district court is authorized to dismiss the petition without prejudice. Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)(per curiam).

In the present case, there is nothing to indicate petitioner sought and obtained the circuit court's authorization for this court's consideration of petitioner's successive habeas application, or that the instant petition is based on an intervening change in the law or on new evidence. Because the court previously determined that petitioner's prior application for habeas corpus relief under 28 U.S.C. § 2254 was time barred, the court finds the interests of justice would not be served by transferring this matter to the appellate court, and concludes the petition should be dismissed.

Id. See In re Cline, 531 F.3d 1249, 1251(10th Cir. 2008)(in determining whether a transfer is in the interest of justice, a district court should consider in part whether the claims would be time barred).

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition (Doc. 16) is granted, and that the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 8th day of December 2009 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge